GEORGE GORDON ET AL., APPELLANTS, v. LUMBERVILLE DELAWARE BRIDGE COMPANY, A CORPORATION OF NEW JERSEY, RESPONDENT.

Submitted June 1, 1931—Decided February 1, 1932.

For the appellants, *Riker & Riker* (*Thomas E. Fitzsimmons,* of counsel).

For the respondent, *Walter F. Hayhurst.*

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal of the plaintiffs below from a judgment in favor of the defendant in an action in ejectment.

The plaintiffs' claimed to be the owners of land in Hunterdon county in the possession and occupancy of the defendant, the Lumberville Delaware Bridge Company, their claim being based upon the fact that they are the heirs-at-law of one John W. Connor, deceased.

. The defendant answered that the land described in plaintiffs' complaint and occupied by the bridge structure of the defendant corporation, has been in the actual possession of the defendant for more than sixty years.

At the trial it was stipulated that the land in question is occupied by the bridge of the defendant corporation and had been in its actual possession for sixty years before the institution of the suit.

These facts being admitted, the judge before whom the case was tried without a jury, concluded that the defendant was entitled to judgment, and so ordered.

We think that was right.

Chapter 188 of *Pamph. L.* 1922, *p.* 315 (amending section 1 of act of June 5th, 1787, *Pamph. L., p.* 410; *Comp. Stat., p.* 3172, § 28), provides:

"Thirty years' actual possession of any lands, tenements or other real estate, excepting woodlands or uncultivated tracts and that sixty years' actual possession of any woodlands or uncultivated tracts, uninterruptedly continued by occupancy, descent, conveyance or otherwise, in whatever way or manner such possession might have commenced, or have been continued, shall vest a full and complete right and title in every actual possessor or occupier of such lands, tenements, or other real estate, and shall be a good and sufficient bar to

all claims that may be made, or actions commenced by any person or persons whatsoever for the recovery of any such lands, tenements or other real estate."

In the present case there was admitted actual possession of the defendant for sixty years. We are therefore concerned only with that part of the act of 1922 which has been continuously in our laws, in substantially the same form, since its enactment as section 1 of the act of June 5th, 1787, which section declared: "That sixty years' actual possession of any lands, tenements, or other real estate, uninterruptedly continued by occupancy, descent, conveyance or otherwise, in whatever way or manner such possession might have commenced, or have been continued, shall vest a full and complete right and title in every actual possessor or occupier of such lands, tenements or other real estate, and shall be a good and sufficient bar to all claims that may be made, or actions commenced by any person or persons whatever, for the recovery of any such lands, tenements or other real estate."

Statutes of limitations are statutes of repose, enacted as a matter of public policy to fix a limit within which an action must be brought, and are intended to run against those who have been neglectful of their alleged rights and have failed to use reasonable and proper diligence in the enforcement therof.

Our statute of 1922 was before this court for consideration in the case of *Conaway* v. *Daly,* 106 *N. J. L.* 207. In that case Mr. Justice Bodine, speaking for this court, called attention to the fact that Mr. Justice Depue said in *Spottiswoode* v. *Morris and Essex Railroad Co.,* 61 *N. J. L.* 322, 328; 40 *Atl. Rep.* 505, 507: "Possession obtained and held as prescribed by the first section of this act will confer a title paramount to the claims or rights of all other persons." Also, that Mr. Justice Washington in the Circut Court for the district of New Jersey (*Wright* v. *Scott, Fed. Cas. No.* 18,092), similarly construed the statute, and concluded that actual possession uninterruptedly continued by occupancy or otherwise, vested a complete title in the possessor. Mr. Justice Bodine, in the Conaway case, further said that "the words

of the statute must have the same meaning usually accorded to such words;" and held that when the proofs show actual possession uninterruptedly continued by occupancy or otherwise for the statutory period and in accordance with the statute, a complete title is vested in the possessor.

In *Model Plan Agency* v. *Diamond,* 100 *N. J. Eq.* 244, Vice-Chancellor Berry considered the statutory provision in question and said: "Sixty years actual possession uninterruptedly continued, &c., *in whatever manner such possession might have commenced, confers a perfect title;"* and that was affirmed by this court in 101 *N. J. Eq.* 786.

Hence it is clear that sixty years' actual possession of lands uninterruptedly continued by occupancy in accordance with chapter 188 of *Pamp. L.* 1922, vests a full and complete title in such possessor and occupier of such lands.

The plaintiffs-appellants suggest that cases may arise in which facts existing therein may present disabilities which affect the running of the statute or which take the case outside of the scope of the statutory rule. Let us assume that it may be so. But where, as here, the defendant has pleaded actual possession uninterruptedly continued by occupancy for sixty years, and the plaintiffs admitted that to be so, the burden rests upon the plaintiffs who claim that the statute does not apply to prove the existence of facts which support their claim. *Crosby* v. *Stone,* 3 *N. J. L.* 542; *Van Dike* v. *Van Dike,* 15 *Id.* 289. No such facts were either proved or asserted to exist in the present case.

The plaintiffs' argument under this head is that in the absence of proof to the contrary, defendant's possession is presumed to have been originally, and has continued to be, permissive. But we think that in view of the express language of the statute no such presumption arises.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.